UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

             LYNNE ANN MARTIN,

                             Debtor.
----------------------------------------------------------X

Case No.: 13-70064-ast
Chapter 7

## DECISION AND ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN IN BANKRUPTCY OF ONE JOINT TENANT

On April 12, 2013, the debtor, Lynne Ann Martin ("Debtor"), by her attorney, Richard F. Artura, Esq., filed a motion seeking entry of an Order pursuant to 11 U.S.C. § 522(f) avoiding the fixing of a judicial lien against real property located at 45 Nathan Drive, Bohemia, New York 11716 (the "Property") (the "Motion"). [dkt item 12].  The Motion states that (1) the Property is owned jointly by Debtor and her mother with both Debtor and her mother each holding a one-half equity interest in the Property; (2) the Property has a fair market value of $479,058; (3) the Property is encumbered with non-avoidable mortgage liens held by Wells Fargo and Citimortgage totaling $283,772 (the "Mortgages"); and (4) the Property is subject to a judgment lien recorded by Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC ASII ("Midland") on July 28, 2011, in the amount of $5,620.99 (the "Judicial Lien"). Motion at ¶¶ 3-4, 6.  The Motion further states that Debtor claimed a $150,000 homestead exemption in the Property pursuant to New York C.P.L.R. § 5206.  *See* Motion at ¶ 5.  Debtor actually claimed this exemption, and no party-in-interest filed a timely objection to this exemption claim.[1]  *See* Petition at Sch. "C" [dkt item 1].

---

[1] *See In re Coppola*, Case No. 12-70958-ast, 2013 WL 3794098, at *1 (Bankr. E.D.N.Y. July 18, 2013) (holding that a debtor must actually claim a homestead exemption in her principal residence in an amount certain to utilize § 522(f) to avoid a judicial lien).

The Motion was served on Midland, the Chapter 7 Trustee, and the United States Trustee. [dkt item 13].  No opposition to the Motion has been filed.

The Court reviewed the Motion and determined that it presents a novel issue: whether, and by what methodology, a debtor who owns real property in New York as a joint tenant with a non-debtor co-owner can avoid a judicial lien pursuant to § 522(f)?

On May 14, 2013, the Court entered an Order Setting Brief Schedule, which directed the Debtor to file a supplemental statement of facts and a memorandum of law in support of the Motion within fourteen days and authorized Midland to file a response within fourteen days thereafter.  [dkt item 16]

On May 21, 2013, Debtor filed her statement of facts and memorandum of law in support of the Motion (the "Brief"). [dkt item 19]  In her Brief, Debtor states the following:

> [D]ebtor is the joint-owner with her mother, Phyllis Zachman of certain real property located at 45 Nathan Drive, Bohemia, Suffolk County, State of New York both acquiring title by deed dated March 19, 2004. . . .
>
> That at the time of the filing of the petition herein said [P]roperty was encumbered by mortgages, held by Wells Fargo and Citimortgage. . . . [B]oth debtor and Phyllis Zachman a[re] obligors . . . .
>
> As evidenced by the Clerk's records the Wells Fargo First mortgage is a purchase money mortgage as the mortgage and deed were filed together on April 12, 2004.
>
> Only the debtor is the judgment debtor on the judgment lien[] [of Midland] sought to be avoided.
>
> As the deed is dated March 19, 2004 and the judgment is dated July 28, 2011 . . . the parties did not obtain the property subject to the judgment lien.

Brief at ¶¶ 2-6.  In her Brief, Debtor argues that "[a]s the debtor owns the property with her mother as a Joint Tenant with rights of Survivorship . . . her equity interest is properly calculated at 1/2 of the $479,058 property value, or $239,529."  Brief at p. 2 (citing cases).  Debtor contends that this Court should use only half the value of the Property and the entire unpaid

Mortgage balances in determining (1) whether there is any net equity in the Property and (2) whether Debtor can avoid the fixing of Midland's Judicial Lien under § 522(f).

Midland did not file a brief in response.

On June 11, 2013, this Court took the Motion and Brief under submission, and now issues its ruling.

## Discussion

As this Court has previously stated, "Section 522(f)(1)(A) of the Bankruptcy Code permits a debtor to avoid the fixing of a judicial lien 'on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled,' subject to certain protections for domestic support obligations that are not relevant here." *In re Moltisanti*, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012) (quoting 11 U.S.C. § 522(f)(1)(A) (2012)); *see In re Heaney*, 453 B.R. 42, 45-49 (Bankr. E.D.N.Y. 2011). "Under § 522(f)(1)(A) and (2), the debtor may avoid the fixing of a judicial lien unless there is sufficient equity in the residence to satisfy all consensual and non-avoidable liens and to satisfy the full amount of the debtor's homestead exemption as set either in § 522(d)(1) or in applicable state law." *Moltisanti*, 2012 WL 5246509, at *3.

Section 522(f)(2)(A) sets out the calculation to determine whether there is net equity in the property to which a judicial lien can attach, and provides that:

a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).  A complication arises when, as here, a debtor seeks to avoid the fixing of a judicial lien on real property that is co-owned by the debtor and a non-debtor.  *See In re Lehman*, 205 F.3d 1255, 1256-57 (11th Cir. 2000); *Nelson v. Scala*, 192 F.3d 32, 35 (1st Cir. 1999) (§ 522(f) cannot be "mechanically applied" in the context of joint owners of real property).

In *Heaney*, this Court held that when real property is owned jointly by a debtor and a non-filing spouse as tenants by the entirety, the "value [of] the debtor's interest in the property" under Section 522(f)(2)(A) is the entire value of the property.  *Heaney*, 453 B.R. at 48.   This is so because a tenancy by the entirety is a unique form of real property ownership arising solely out of the marital relationship, under which each spouse owns the entire property and not an undivided interest in the whole property.  Thus, each tenant by the entirety "can be said to own the entire fee."  *Id.* at 46 (citing *Reister v. Town Bd. of Fleming*, 18 N.Y.2d 92, 95, 218 N.E.2d 681, 682, 271 N.Y.S.2d 965, 967 (N.Y. 1966)).  Further, neither tenant by the entirety can sever the tenancy except with the consent of the other spouse or through a judicial dissolution of the marriage.  *See Goldman v. Goldman*, 95 N.Y.2d 120, 122, 733 N.E.2d 200, 202; 711 N.Y.S.2d 128, 130 (N.Y. 2000); *Hiles v. Fisher*, 144 N.Y. 306, 312, 39 N.E. 337, 338 (N.Y. 1895).[2] Accordingly, when only one tenant by the entirety files for bankruptcy and invokes § 522(f), the proper calculation under § 522(f)(2)(A) is to start with the value of the entire property, then subtract the entire balance of all mortgages and other non-avoidable liens, and then determine if the judicial lien(s) may be avoided and to what extent.  *See Heaney* 453 B.R. at 48-49; *see In re Levinson*, 372 B.R. 582, 588 (Bankr. E.D.N.Y. 2007), *aff'd*, *Levinson v. R&E Prop. Corp.*, 395

---

[2] While either tenant by the entirety may sell, mortgage or encumber her share of the property, that transfer is subject to the continuing rights of the non-transferring spouse including the right of survivorship. *See Goldman*, 95 N.Y.2d at 122, 733 N.E.2d at 202; 711 N.Y.S.2d at 130; *V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 564-65, 510 N.Y.S.2d 848, 850-51, 503 N.E.2d 496, 498-99 (N.Y. 1986); *but see In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989) (in bankruptcy, a non-filing spouse's interest in tenancy by the entirety is subject to sale in bankruptcy under § 363(h)).

B.R. 554, 559 (E.D.N.Y. 2008); *see also Moltisanti*, 2012 WL 5246509, at \*3-4 (reaffirming *Heaney's* holding).

In *Heaney*, this Court recognized, but did not need to address, the issue raised in this case: when one joint tenant with rights of survivorship, other than a tenant by the entirety, files for bankruptcy and invokes § 522(f), what values should the Court ascribe to "the debtor's interest in the property" and to all liens on the property?

An ownership interest in a joint tenancy differs from a tenancy by the entirety interest. While a joint tenancy is an estate held by two or more persons with equal rights to share in its enjoyment during their lives and each with a right of survivorship, joint tenants do not need to be spouses and each owner may unilaterally transfer his or her interest and thereby sever the joint tenancy.[3] *Goetz v Slobey*, 76 A.D.3d 954, 956, 908 N.Y.S.2d 237, 239 (N.Y. App. Div. 2d Dep't 2010); *see Levinson*, 395 B.R. at 558; *Jooss v. Fey*, 129 N.Y. 17, 29 N.E. 136 (N.Y. 1891); *see also Hiles*, 144 N.Y. at 312, 39 N.E. at 338; 7 RICHARD R. POWELL, POWELL ON REAL PROPERTY § 51.03 (Michael Allan Wolf ed., LexisNexis *Matthew Bender* 2013).  Thus, a joint tenancy differs "in substance and form" from a tenancy by the entirety.  *Steltz v. Shreck*, 128 N.Y. 263, 266, 28 N.E. 510, 511 (N.Y. 1891).

Because joint tenants have rights to and interests in real property different from tenants by the entirety, it follows that the calculation methodology adopted in *Heaney* may not apply to joint tenants.  The question then for § 522(f) purposes is what methodology to use.

As this Court noted in *Heaney*, a split of authority has arisen regarding one joint tenant's use of § 522(f): some courts use the full value of the property and deduct the full unpaid balance

---

[3] "The continuance of the joint tenancy depends on the maintenance of the unities of title, interest and possession; and the destruction of any of these unities leads to a severance of the tenancy, and to the creation either of a tenancy in common or of several tenancies." *Goetz*, 76 A.D.3d at 956, 908 N.Y.S.2d 237. The recording of a lien against a joint tenant's interest in the property does not destroy the unity of interests. *Smith v Bank of Am., N.A.*, 103 A.D.3d 21, 27, 957 N.Y.S.2d 705, 709 (N.Y. App. Div. 2d Dep't 2012); *see* N.Y. REAL PROP. L. § 240-c (McKinney 2012).

of all mortgages and other non-avoidable liens; *see, e.g. In re Lehman*, 205 F.3d at 1255-57;

*Nelson*, 192 F.3d 33-35; *Premier Capital, Inc. v. Pagnini*, 433 B.R. 455, 459 (B.A.P. 1st Cir.

2010); other courts use only the debtor's proportionate share of the value of the property and

deduct a portion of all non-avoidable liens equal to the debtor's share of ownership; *see, e.g.*,

*In re Miller*, 299 F.3d 183, 186 (3d Cir. 2002); *In re Armenakis*, 406 B.R. 589, 617-18 (Bankr.

S.D.N.Y. 2009);[4] still other courts use the debtor's proportionate share of the value of the

property and deduct the full unpaid balance of all non-avoidable liens; *see, e.g.*, *In re Cozad*, 208

B.R. 495, 498 (B.A.P. 10th Cir. 1997); *In re White*, 337 B.R. 686, 690-91 (Bankr. N.D. Cal.

2005); *see generally* 4 COLLIER ON BANKRUPTCY 522.11[3] n.13 (Alan N. Resnick & Henry J.

Sommer eds., 16th ed.) (discussing the different approaches).

In her Brief, Debtor urges this Court to adopt the approach that uses only one half of the

appraised value of the Property as "the debtor's interest in the property," and to then apply the

entire outstanding balance of the Mortgages against this partial value; here, that calculation

would leave no unencumbered equity to which Midland's Judicial Lien could attach.  Brief at

p. 2.  While this approach has been adopted by a minority of courts, it is inconsistent with this

Court's reasoning in *Heaney* and with this Court's reading of the plain language of § 522(f) and

Congress's intent in adopting § 522(f).  *See Lehman*, 205 F.3d at 1257 (discussing the legislative

history of § 522(f)).

In this Court's view, the better approach in applying § 522(f) in a joint tenancy setting is

to use the full value of the real property, then deduct the full amount of all mortgages and other

non-avoidable liens which attach to the entire property, determine the amount of the net equity

available to the debtor based on her proportionate ownership interest in the property, and then

---

[4] *See In re Fox*, 353 B.R. 388, 394 n.14 (Bankr. D. Conn. 2006) (noting that the *Lehman* and *Miller* approaches produce essentially the same outcome).

apply debtor's actually claimed homestead exemption to the amount of debtor's net equity interest. *See Lehman*, 205 F.3d at 1257; *Nelson*, 192 F.3d at 33; *Pagnini*, 433 B.R. at 459.

This approach is consistent with New York law regarding the rights of joint tenants, such as Debtor, and is consistent with the distribution of funds upon a sale of the Property. *See Nelson*, 192, F.3d at 35 n.2.  Similarly, because in this case the entire Property is encumbered by the two Mortgages, the proper application of § 522(f)(2)(A) is to use the full unpaid balance of the Mortgages and other non-avoidable liens. *See Pagnini*, 433 B.R. at 459.  Finally, with respect to § 522(f)(2)(A)(iii), "the amount of the exemption that the debtor could claim if there were no liens on the property" must be determined in light of Debtor's proportionate ownership interest in the Property; because Debtor owns 50% of the Property, she may only exempt up to that 50% interest in the net equity in the Property. *See* 11 U.S.C. § 522(b); *Pagnini*, 433 B.R. at 458 ("Debtor may claim a homestead exemption only in her one-half interest in the Property.").

This approach is also consistent with this Court's analysis in *Heaney.*  Therefore, when only one joint tenant or only one tenant by the entirety files bankruptcy and seeks relief under § 522(f), the proper calculation is to use the full value of the property and the full amounts of all non-avoidable liens.  The joint tenant formula differs, however, with respect to the percentage of net equity used in the calculation – for a joint tenant, the net equity is calculated using her alienable percentage of ownership, while for a tenant by the entirety 100% of the net equity is used.  This distinction as to the percentage of net equity properly reflects the different rights to and interests in real property as between joint tenants and tenants by the entirety.

Therefore, this Court adopts the approach taken by the courts in *Lehman*, *Scala*, and *Pagnini*, among others, when addressing a § 522(f) motion brought by one joint tenant, as follows:

1.      Begin with the entire value of the property.

2.      Deduct the entire unpaid balance of all mortgages and other non-avoidable liens that attach to the entire property.

3.      Multiply the remaining equity (if any) by the debtor's percentage interest in the property. (For example, here, as in *Lehman* and *Scala*, Debtor owns one half of the Property, so her interest in the Property is 50% of the net equity.)

4.      Apply the debtor's actually claimed homestead exemption.

5.      If no equity remains after applying debtor's exemption, all judicial liens are fully avoided. Correspondingly, if any portion of the debtor's share of the equity remains after exemption, the judicial liens may attach to that equity pursuant to their priority under state law.

*See Lehman*, 205 F.3d at 1257; *In re Relyea*, 2003 Bankr. LEXIS 2254, at *10-11 (Bankr. N.D.N.Y. Aug. 26, 2003) (following the *Lehman* test).

Applying this test to the facts of Debtor's case establishes the following:

1.      The Property has a fair market value of $479,058.

2.      The entire Property is encumbered by two Mortgages totaling $283,772.

3.      There is $195,286 in net equity in the Property after deducting the Mortgages.

4.      Debtor owns a one-half interest in the Property, so Debtor may exempt up to $97,643, or one half of the net equity in the Property. Debtor actually claimed a $150,000 New York homestead exemption in her interest in the Property, and no objection has been filed to Debtor's exemption claim.

5.      Because Debtor's claimed homestead exemption exceeds Debtor's proportionate share of the net equity in the Property, there is no remaining equity in the Property to which Midland's Judicial Lien can attach.[5]

Accordingly, Debtor may fully avoid Midland's Judicial Lien pursuant to § 522(f).

---

[5] Because Debtor stated in her Brief that both she and her mother are obligors on the mortgage, this Court need not consider a situation where one or more liens do not encumber the entire property because that fact is not presented here. *See, e.g.*, *Smith*, 103 A.D.3d at 26-27, 957 N.Y.S.2d at 705 (citing cases). Similarly, this Court does not need to address the issue of how many joint tenants may claim the subject property as exempt, as that issue is also not presented here. *See* N.Y. C.P.L.R. § 5206(a); Victor D. López, *State Homestead Exemptions and Bankruptcy Law: Is it Time for Congress to Close the Loophole?*, 7 Rutgers Bus. L. J. 143, 159 (Spring 2010) (noting that while states such as Alaska, Illinois, Massachusetts and South Carolina cap the total amount of homestead exemption that joint owners can claim in one property, New York State apparently does not). Further, any issue regarding the propriety of Debtor's claimed homestead exemption would normally arise in the context of the exemptions that Debtor actually claimed on Schedule C, and no objections have been filed to Debtor's exemption claim.

**<u>Conclusion</u>**

For the reasons set forth above, this Court finds and concludes that Debtor has fully exempted her proportionate share of the net equity in the Property and, accordingly, there is no net equity in the Property to which Midland's Judicial Lien can attach.  Therefore, it is hereby

**ORDERED**, that Debtor's Motion is granted; and it is further

**ORDERED**, that the Debtor having received a Chapter 7 discharge on April 16, 2013 [dkt item 14], the Judicial Lien of Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC ASII, recorded with the Clerk of the County of Suffolk, State of New York, on July 28, 2011, Seq # 152, in the amount of $5,620.99, is hereby avoided as a lien of record against the Debtor's Property located at 45 Nathan Drive, Bohemia, New York; and it is further

**ORDERED**, that the Clerk of Suffolk County is hereby directed to index and record a certified copy of this Order as an instrument avoiding the Judicial Lien of Midland as a lien of record against the Debtor's Property located at 45 Nathan Drive, Bohemia, New York 11716.



**Dated: July 25, 2013**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**